**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Civil Action No. 0:18-cv-62954-RS

FAIRWAYS OF SUNRISE HOMEOWNERS
ASSOCIATION, INC.,

    Plaintiff/Counter Defendant,

vs.

ROCKHILL INSURANCE COMPANY

    Defendant/Counter Plaintiff.
_____/

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY**
**BY DEFENDANT'S EXPERTS BRIAN CALDERONE AND MATTHEW FADDEN**

Plaintiff/Counter-Defendant Fairways of Sunrise Homeowners Association, Inc. ("Plaintiff" or "Fairways HOA"), by and through undersigned counsel, hereby moves the Court for the entry of an order excluding Defendant/Counter-Plaintiff Rockhill Insurance Company's ("Defendant") expert witnesses Brian Calderone and Matthew Fadden[1] from testifying at trial regarding damages to Plaintiff's windows and doors at the Fairways HOA resulting from Hurricane Irma and striking those portions of their report(s). As grounds, Plaintiff states as follows:

1.    Plaintiff is an HOA and has brought suit against Defendant, its insurer, regarding damages the HOA sustained in Hurricane Irma. Defendant designated Brian Calderone and

---

[1] Matthew Fadden already testified that he will not be rendering any opinion at trial regarding the causation of any damages to windows. Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 72, L. 2 – 6 (D.E. #105). Even if this Motion is not granted, Mr. Fadden must not be permitted to testify otherwise.

1

Matthew Fadden as its experts regarding the damages to Plaintiff's windows and doors caused by Hurricane Irma.  See Defendant's Amended Disclosure of Expert Witnesses at D.E. #58.

2. However, the methodologies employed by Brian Calderone and Matthew Fadden are unreliable and their opinions are not based upon sufficient data.  For instance, both experts admitted at their depositions that they conducted no testing on any of the windows or doors at the Plaintiff's property and, instead, relied solely on, at times, visual inspections, "measurements" and photographs.  Transcript of Deposition of Brian Calderone, September 24, 2019, P. 59, L. 7-9 at D.E. #108.; Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 44, L. 9 – P. 45, L. 2.; P. 84, L. 22 – P. 85, L. 20 at D.E. #105.  This is despite the fact that there are tests available to the experts which could show whether the windows were leaking.  Id.; Transcript of Deposition of Brian Calderone, September 24, 2019, P. 51, L. 18-22 at D.E. #108.  This is also despite the fact that the experts admitted the only way to determine if a window is leaking is through these tests. Id.; Transcript of Deposition of Brian Calderone, September 24, 2019, P. 53, L. 22 – 25 at D.E. #108.

3. The experts also admitted that they relied upon photos for a number of the units they opined upon instead of actually inspecting the units themselves and that it was not possible to tell which units were personally inspected from the experts' report.  Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 80, L. 9 – 24 at D.E. #105.  In fact, the experts admitted that they did not even look at approximately 30% of the subject property and that their report does not indicate which individual units were actually inspected. Transcript of Deposition of Brian Calderone, September 24, 2019; P. 43, L. 22 – P. 44, L. 10; P. 45, L. 21 – P. 46, L. 14; P. 48, L. 23 – P. 49, L. 6 at D.E. #108.  Further, the experts did not rely upon measurements or photos

taken by them personally but by persons who were not licensed engineers. Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 62, L. 12 – P.63, L. 6 at D.E. #105.

4. Further, the experts admitted that their opinions in the case were basically the product of guesswork, although the experts insisted that the correct term is "engineering judgments". Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 107, L. 6 – P. 109, L. 6 at D.E. #105.  Plaintiff respectfully submits that an "engineering judgment" is nothing more than a guess made by an engineer.

## MEMORANDUM OF LAW

Under Rule 702 of the Federal Rules of Evidence, expert testimony is admissible only if the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts. Fed. R. Evid. 702. A court acts as a gatekeeper for expert testimony, only admitting expert testimony when it is reliable and relevant. Banta Props., Inc. v. Arch Specialty Ins. Co., 2011 WL 7118542 (S.D. Fla. 2011). The court maintains this role "'to ensure that speculative, unreliable expert testimony does not reach the jury' under the mantle of reliability that accompanies the appellation 'expert testimony.'" Id., quoting Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).

Further, as a gatekeeper the court must do a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. McClain v. Metabolife Int'l, Inc., 401 F. 3d 1233 (11th Cir. 2005). Testimony from a qualified expert can only be admitted if the expert can express a reasonably accurate conclusion **as opposed to conjecture or speculation**. Cordoves v. Miami-Dade County, 104 F. Supp. 3d 1350, 1362 (S.D. Fla. 2015) (emphasis added) (citing Jones v. Otis Elevator Co., 861 F.2d 655, 662 (11th Cir. 1988)).

3

The decision in <u>Banta</u> is instructive. In <u>Banta,</u> the party's proposed expert as to damages caused to a building during a hurricane was excluded due to the fact that the expert could not actually attribute the damages to one cause versus another. <u>Banta Props., Inc. v. Arch Specialty Ins. Co.</u>, P. 9 - 10. Here, Defendant's expert, Matthew Fadden, testified that he could not opine whether the damages he observed to the windows were the result of a hurricane or not. Transcript of Deposition of Matthew Fadden, September 26, 2019, P. 117, L. 23 – P. 118, L. 7 at D.E. #105.

Defendant's experts' guesswork ("engineering judgments") in this case, based upon photographs they simply saw, without the benefit of any testing, without actually inspecting all of the units they are opining upon, and without providing any information as to which units they actually inspected, is exactly the type of speculation that the court, in its role as gatekeeper, must prevent being submitted to the jury.

**WHEREFORE**, Plaintiff Fairways of Sunrise Homeowners Association, Inc. requests the entry of an Order prohibiting Defendant Rockhill Insurance Company's experts, Brian Calderone and Matthew Fadden, from testifying at trial as to the damages to Plaintiff's windows and doors in the Fairways HOA resulting from Hurricane Irma and striking those portions of their expert report(s).

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Fairways of Sunrise Homeowners Association, Inc. certifies that they have conferred with all parties or non-parties who may be affected by the relief sought in the instant Motion on November 20, 2019, in a good faith effort to resolve the issues set forth herein, but were not able to reach a resolution as to same.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2019, I have caused the following to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following email address:

Lauren D. Levy, Esq., (FBN 0116490)
Levy Law Group
3399 Ponce de Leon Blvd., Suite 202
Coral Gables, Florida 33134
Telephone: (305) 444-1500
Facsimile:  (305) 503-9295
Email: lauren@levylawgroup.com
paula@levylawgroup.com
*Counsel for Defendant/Counter-Plaintiff*

        Respectfully submitted,

        *s/ Max G. Soren*
        Max G. Soren, Esq., (FBN 623431)
        Dinin Law Group, P.A.
        4200 NW 7th Avenue
        Miami, Florida 33127
        Telephone: (786) 431-1333
        Facsimile:  (786) 513-7700
        Email: inbox@dininlawgroup.com
        *Counsel for Plaintiff/Counter-Defendant*

        *s/ Robert C. Solomon*
        Robert C. Solomon, Esq., (FBN 27054)
        Saban & Solomon PLLC
        150 N. University Drive, Suite 200
        Plantation, Florida 33324
        Telephone: (954) 577-2878
        Email:  solomon@sslegalfirm.com
        *Counsel for Plaintiff/Counter-Defendant*